# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS YOUNGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-1559 JAR |
| LAWRENCE J. FLEMING, | ) ) ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under state law for breach of contract. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $63, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, plaintiff must show cause why this action should not be dismissed for lack of jurisdiction.

Plaintiff is incarcerated at FCI Terre Haute, in Terra Haute, Indiana. On September 12, 1996, plaintiff was convicted in this Court of distribution of methamphetamine. *United States v. Younger*, No. 4:96-CR-98 CEJ. The Court sentenced him to life imprisonment. Defendant represented plaintiff in the case and on appeal, *United States v. Younger*, No. 97-1024 (8th Cir.).

Plaintiff sues defendant, his former defense attorney, for breach of contract, invoking diversity jurisdiction. He says he resides in Indiana and defendant resides in Missouri. He alleges that defendant took money from him to "perfect an appeal" in this Court but did not provide any services in exchange for the money.[1]

---

[1] The Court notes that defendant was disbarred with regard to these and other activities on October 28, 2014. *In re Fleming*, No. SC94203 (Mo. banc).

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court is required to review new cases and dismiss them if jurisdiction is lacking. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

"It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (citations omitted).

The Court takes judicial notice of state courts' public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). On December 30, 2015, plaintiff sued defendant for breach of contract in state court. *Younger v. Fleming*, No. 15SL-CC04464 (St. Louis County). In his verified complaint, plaintiff stated he "was and is a citizen of the State of Missouri, and the United States. Plaintiff is presently incarcerated in the Federal Bureau of Prisons (BOP), at Terre Haute, Indiana." On June 17, 2016, the court dismissed the action, without prejudice, for failure to prosecute. On July 15, 2016, plaintiff moved to set aside the judgment. He attached a second verified complaint along with the motion. In the second verified complaint, he reasserts that he "was and is a citizen of the State of Missouri . . ." *Id.* Plaintiff's motion to set aside remains pending as of this date. Plaintiff's state complaint concerns the same transactions and occurrences that are the basis of the case at hand.

It appears that diversity jurisdiction does not exist. Plaintiff has sworn twice to the state court that he is a citizen of the State of Missouri. And the rule regarding diversity jurisdiction with respect to prisoners presumes that plaintiff is a Missouri citizen. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $63 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS HEREBY ORDERED** that plaintiff must show cause, no later twenty-one (21) days from the date of this Order, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 30th day of November, 2016.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).