# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS YOUNGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1559 JAR |
| | ) |
| LAWRENCE J. FLEMING, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

The question before the Court is whether diversity jurisdiction exists. The Court finds that it does not and that this action must be dismissed.

### Background

Plaintiff is incarcerated at FCI Terre Haute, in Terre Haute, Indiana. On September 12, 1996, plaintiff was convicted in this Court of distribution of methamphetamine. *United States v. Younger*, No. 4:96-CR-98 CEJ. The Court sentenced him to life imprisonment. Defendant represented plaintiff in the criminal case and on appeal, *United States v. Younger*, No. 97-1024 (8th Cir.). Plaintiff sues defendant for breach of contract, invoking diversity jurisdiction. He alleges defendant took money from him to "perfect an appeal" in this Court but did not provide any services in exchange for the money.[1] He says he resides in Indiana and defendant resides in Missouri.

The Court takes judicial notice of state courts' public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). On December 30, 2015, plaintiff sued defendant for breach of contract in St. Louis County. *Younger v. Fleming*, No. 15SL-CC04464 (21st Cir.). In his verified

---

[1] The Court notes that defendant was disbarred with as a result of these and other activities on October 28, 2014. *In re Fleming*, No. SC94203 (Mo. banc).

complaint, plaintiff stated he "was and is a citizen of the State of Missouri, and the United States. Plaintiff is presently incarcerated in the Federal Bureau of Prisons (BOP), at Terre Haute, Indiana." On June 17, 2016, the court dismissed the action, without prejudice, for failure to prosecute. On July 15, 2016, plaintiff moved to set aside the judgment. He attached a second verified complaint along with the motion. In the second verified complaint, he reasserts that he "was and is a citizen of the State of Missouri . . ." *Id.* Plaintiff's motion to set aside was pending when this case was filed and remains pending as of this date. Plaintiff's state complaint concerns the same transactions and occurrences that are the basis of this case.

## Discussion

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court is required to review new cases and dismiss them if jurisdiction is lacking. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

"It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (citations omitted). As a result, the presumption is that plaintiff remains domiciled in Missouri.

On November 30, 2016, the Court ordered plaintiff to show cause why this action should not be dismissed for lack of jurisdiction. In his response, plaintiff argues that when he filed the

state action he owned a home in Novinger, Missouri, and so he was domiciled here. He says he lost the home on August 8, 2016, "and [] took up domicile in New Castle, Indiana." He has not submitted anything other than this unsworn, unsupported declaration with regard to his alleged change of domicile.

> A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism. As many federal courts have made clear, they are accorded little weight by the district judge when they are in conflict with the facts or a party's actual conduct. A related principle estops a party from pleading domicile differently in subsequent actions on unchanged facts.

13E Charles A. Wright, et al., *Fed. Prac. & Proc. Juris.* § 3612 (3d ed.) (2016) (footnotes omitted).

In this case, plaintiff's self-serving declaration is contradicted by his state court pleading, in which he swears his domicile is Missouri. Plaintiff has not moved to correct the state court record since filing this action. Plaintiff's recent assertion that he has a new domicile in Indiana, therefore, has no weight in light of his sworn pleadings in the state court. As a result, the Court finds that it lacks jurisdiction over the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 25th day of January, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE