# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS YOUNGER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-1559 JAR |
| LAWRENCE J. FLEMING, | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. The motion is denied.

## Background

Plaintiff is incarcerated at FCI Terre Haute, in Terre Haute, Indiana. On September 12, 1996, plaintiff was convicted in this Court of distribution of methamphetamine. *United States v. Younger*, No. 4:96-CR-98 CEJ. The Court sentenced him to life imprisonment. Defendant represented plaintiff in the criminal case and on appeal, *United States v. Younger*, No. 97-1024 (8th Cir.). Plaintiff sues defendant for breach of contract, invoking diversity jurisdiction. He alleges defendant took money from him to "perfect an appeal" in this Court but did not provide any services in exchange for the money.[1] He says he resides in Indiana and defendant resides in Missouri.

The Court takes judicial notice of state courts' public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). On December 30, 2015, plaintiff sued defendant for breach of contract in St. Louis County. *Younger v. Fleming*, No. 15SL-CC04464 (21st Cir.). In his verified

---

[1] The Court notes that defendant was disbarred with regard to these and other unethical activities on October 28, 2014. *In re Fleming*, No. SC94203 (Mo. banc).

complaint, plaintiff stated he "was and is a citizen of the State of Missouri, and the United States. Plaintiff is presently incarcerated in the Federal Bureau of Prisons (BOP), at Terre Haute, Indiana." On June 17, 2016, the court dismissed the action, without prejudice, for failure to prosecute. On July 15, 2016, plaintiff moved to set aside the judgment. He attached a second verified complaint along with the motion. In the second verified complaint, he reasserts that he "was and is a citizen of the State of Missouri . . ." *Id.* Plaintiff's motion to set aside was pending when this case was filed and remains pending as of this date. Plaintiff's state complaint concerns the same transactions and occurrences that are the basis of this case.

## Discussion

The Court determined that diversity jurisdiction does not exist because plaintiff remains domiciled in Missouri. The Court based its decision on the fact that prisoners do not change domiciles when they are transferred to a prison in a different state, *see Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977), and that self-serving statements regarding diversity jurisdiction do not suffice to establish that jurisdiction exists, *see* 13E Charles A. Wright, et al., *Fed. Prac. & Proc. Juris.* § 3612 (3d ed.) (2016) ("A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism. As many federal courts have made clear, they are accorded little weight by the district judge when they are in conflict with the facts or a party's actual conduct. A related principle estops a party from pleading domicile differently in subsequent actions on unchanged facts.") (footnotes omitted).

Plaintiff now moves to reopen this case based on a letter he purportedly sent to the state court notifying it that he changed his domicile to Indiana and asking for dismissal of the action. He has also submitted a purported quit claim deed with regard to his real property in Missouri.

Both the notice and the quit claim deed contain a notary stamp, but neither are signed or sealed by the notary.

There are two problems with plaintiff's state court notice. First, it has not been properly notarized because it was not signed or sealed by the notary. *See* Mo. Rev. Stat. § 486.275, § 486.285. Second, it has not been docketed in the state case. Moreover, plaintiff's purported quit claim deed was not properly notarized either.

It is apparent to the Court that plaintiff is attempting to establish jurisdiction by filing falsified documents, which he created for the sole purpose of establishing that jurisdiction exists. At the very least, the documents do not establish plaintiff's claim that he changed his domicile to Indiana before filing this case. His claim regarding his domicile is directly contradicted by his verified statements to the state court. And his other assertions regarding his domicile are unsupported and self-serving. For these reasons, the Court finds that plaintiff has failed to establish that diversity jurisdiction exists.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure [ECF No. 10] is **DENIED**.

Dated this 4th day of April, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE